AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RAMON V. WHITE,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  17-8210-WM<br>)<br>)<br>) |

FILED by ___ D.C.
JUN 0 6 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __02/27/2017 - 03/02/2017__ in the county of __PALM BEACH__ in the __SOUTHERN__ District of __FLORIDA__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Secs. 841(a)(1) and 841(b)(1)(C) | Distribution of a Controlled Substance (Cocaine); |
| 18 USC Secs. 924(c)(1)(A) and 924(c)(1)(B)(ii) | Possession of Firearms in Furtherance of a Drug Trafficking Crime; and, |
| 26 USC Sec. 5861(d) and (e) | Possession and Transfer of Unregistered Firearm Silencer |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Leonard Coy, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __06/06/2017__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__    Hon. William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF
## LEONARD COY, SPECIAL AGENT
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES
### Case No. 17-8210-WM

Your affiant, Leonard Coy, first being duly sworn, does hereby depose and state as follows:

1. I am a Senior Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) currently assigned to the Miami, Florida Field Division. I have been a Special Agent since 1992 and employed with ATF since 1998. Between 2003 and 2017, I was assigned to the High Intensity Drug Area (HIDTA) Task Force, where I gained extensive experience investigating and supervising armed narcotics trafficking investigations, armed career criminals, narcotics conspiracies, and violent gangs. I am also cross-designated to the U.S. Drug Enforcement Administration, West Palm Beach Task Force, and am authorized to conduct criminal investigations of violations of Titles 18 and 21 of the United States Code. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in violations of Title 18, 21 and 26 of the United States Code. I have received comprehensive training and experience on the subject of firearms and narcotics trafficking from the ATF, and have been personally involved in investigations concerning the possession, manufacture, distribution/transportation and importation of firearms, silencers, and narcotics.

2. This affidavit is submitted by your affiant for the purpose of establishing probable cause to charge Ramon V. WHITE, with possession with the intent to distribute a controlled substance, to wit, cocaine, in violation of Title 21, United States Code, Section 841; possession and transfer of an unregistered silencer, in violation of Title 26, United States Code, Section 5861;

and, possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). Your affiant further submits that WHITE engaged in these illegal activities from his apartment, located at 2880 Tennis Club Drive, West Palm Beach, Palm Beach County, Southern District of Florida (hereinafter "the Target Premises").

3. The facts set forth in this affidavit are based on my personal knowledge, information obtained in this investigation from others, including other law enforcement officers, my review of documents and information gained through training and experience. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation, but have set forth only those facts necessary to establish probable cause to charge WHITE with violations of 26 U.S.C. § 5861, and 21 U.S.C. §§ 841 and 846. However, no information known to me that would tend to negate probable cause has been intentionally withheld from this Affidavit.

## Facts in Support of Probable Cause

4. On February 27, 2017, an ATF Confidential Informant (CI) made a consensually recorded phone call to Ramon WHITE, who resides at 2880 Tennis Club Drive, West Palm Beach, FL, at telephone number 561-880-1562, for the purpose of discussing the possibility of the CI purchasing silencers and cocaine from WHITE. Your affiant notes that the CI, a previously convicted felon, is assisting law enforcement in this matter in hopes of receiving sentencing consideration by the court in regards to a pending felony drug charge, and some financial subsistence from law enforcement. During the parties' recorded conversation, WHITE asked if he could call the CI back from a different cellular phone. Moments later the CI received a call from 561-574-7311. During the ensuing recorded conversation, WHITE advised he had silencers, rifles,

and narcotics (cocaine) for sale, and the prices he sought for those items. This conversation corroborated information provided by the CI that WHITE had previously offered such illegal items for sale. Specifically, WHITE claimed he had a source who illegally manufactures [unregistered] firearm silencers. WHITE claimed to have an individual he referred to as a former "Marine," who would design and manufactures suppressors/silencers for WHITE. WHITE offered several firearms including a "dirty" Ruger Mini 30 rifle with a silencer, that WHITE claimed he could sell for the best price. Your affiant is aware that the term "dirty" is common street terminology for firearms that are stolen, and/or have been used in the commission of crimes. Shortly thereafter, the CI received text messages from WHITE containing photographs of several firearms, and at least one firearm with what appeared to be a silencer affixed to the barrel.

5. On March 1, 2017, WHITE contacted the CI via text message requesting to confirm a meeting planned for the following day, March 2, 2017, at which time WHITE had arranged to sell the CI both a Mini 30 rifle with a homemade silencer affixed to the weapon in return for $1,275.00[1], and an ounce of cocaine for $1,100.00.

6. On March 2, 2017, the CI placed a consensually recorded call to WHITE and confirmed the meeting later in the day. WHITE explained that he would be ready at 2:30 pm because he had to pick up the "girl stuff," from his source of supply (SOS) in Boynton Beach. Your affiant is aware, based on his own training and experience, as well as on the basis of information provided by DEA, that the term "Girl Stuff" is common street terminology for cocaine.

---

[1] Your affiant notes that under Title 18, United States Code, Section 921(a)(3)(C), the term "firearm" includes "any firearm muffler or firearm silencer," and that thus this sale legally constituted the sale of two (2) separate "firearms."

7. At the conclusion of the parties' conversation, WHITE instructed the CI to meet at his apartment (2880 Tennis Club Drive, West Palm Beach, Florida). The CI and WHITE reconfirmed the prices as previously negotiated.

8. Later that same day (March 2, 2017), at approximately 2:00 pm, the CI engaged in a cell phone conversation with WHITE, at which time WHITE advised the CI that he (WHITE) was traveling back from his cocaine SOS's location in Boynton Beach, and would be twenty minutes late for their prearranged meeting.

9. Approximately thirty minutes later, surveillance agents observed WHITE in his vehicle enter the parking lot of 2880 Tennis Club Drive, West Palm Beach, Palm Beach County, Southern District of Florida. WHITE, the sole occupant of the vehicle, was observed exiting the vehicle carrying a plastic bag.

10. Once the CI arrived at WHITE's community, WHITE directed the CI to Unit 302. Following the parties' arrival at Unit 302, in an audio and video recorded transaction, WHITE sold the CI a Ruger Mini 30 rifle (later determined to have an obliterated serial number), with an accompanying firearm silencer fashioned from the blue metal tube of a Maglite-style flashlight, 19 rounds of 7.62 Tulammo ammunition, two ammunition magazines, and 58 grams of powder cocaine, in exchange for $2,475.00 in U.S. currency, which was provided by ATF. WHITE obtained the cocaine and firearms from a standing "gun safe" located in the common area, between the kitchen and the living room. WHITE also brandished a firearm he retrieved from his bedroom. Undercover video showed additional firearms and bags of what appeared to be narcotics inside the gun safe in the living room area off the kitchen during the undercover meeting. WHITE claimed he also had a source of supply for Heroin and pure Fentanyl. Subsequent analysis of the substance

sold to the CI on this date by the DEA Southeast Regional Laboratory, confirmed such to consist of 28.14 net grams of a mixture and substance containing cocaine.

11. On April 5, 2017, the aforementioned CI placed a recorded call to Ramon WHITE at 561-574-7311 and ordered one to two ounces of cocaine for pick up later that day. WHITE told the CI that he was out of town in New York due to a court case. WHITE said that his flight from New York would deliver him to Fort Lauderdale at 7:00 pm. WHITE stated he (WHITE) had $1,000.00 on him, and that he could deliver 1 ounce of cocaine to the CI at his (WHITE's) residence. WHITE also said that if the CI needed a larger quantity of cocaine, he would need the CI to meet him at WHITE's residence, get the additional buy money from the CI, and then go to his source of supply (SOS) for cocaine in Boynton Beach, Florida. The CI also discussed with WHITE the "silencer" purchased from WHITE on March 2, 2017, WHITE scolded the CI for using the word "silencer," stating, "you got to say suppressor dawg, don't say that word."

12. On April 26, 2017, several recorded phone conversations occurred between Ramon WHITE and the CI. Those conversations primarily pertained to the purchase of cocaine from WHITE. During these calls, WHITE discussed prices he was willing to sell cocaine for, agreeing to sell an ounce of cocaine for $1,350.00. WHITE claimed that he was busy at the present time, but would be able to sell the cocaine until later in the day. WHITE claimed that he still had to pick up the cocaine from down south. This statement was consistent with WHITE's previous claims that his cocaine source was down south in Boynton Beach, Florida. Later that same day (April 26, 2017), the CI attempted to contact WHITE, but WHITE did not respond, and the CI terminated attempts to contact WHITE.

13.     Your affiant notes that the device represented by WHITE to be a firearms silencer and sold to the CI on March 2, 2017, was submitted to technical forensic experts at ATF's Firearms Technology Branch, and on the basis of testing and examination found to constitute a "silencer" as defined under Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Sections 921(a)(3)(C) and (a)(4)(C).

WHEREFORE, on the basis of the foregoing, your Affiant respectfully submits that probable cause exists to charge Ramon V. WHITE with of violations of Title 21, United States Code, Section 841; Title 26, United States Code, Section 5861; and of Title 18, United States Code, Section 924(c), and prays this Honorable Court issue a warrant for WHITE's arrest on the foregoing charges.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Leonard Coy
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 6th DAY OF JUNE, 2017, AT
WEST PALM BEACH, FLORIDA.

_____
**HON. WILLIAM MATTHEWMAN**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __RAMON V. WHITE__

Case No.: __17-8210-WM__

## Count # 1

Possession With Intent to Distribute Controlled Substances
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)

**Max. Penalty**: 0-20 years' imprisonment; maximum fine of $ 1,000,000; 3 years' to life term of supervised release: and, a $100.00 special assessment.

## Count # 2

Title 18, United States Code, Sections 924(c)(1)(A) and (c)(1)(B)(ii)
Posession of a Firearm (Silencer) in Furtherance of a Drug Trafficking Crime
**Max. Penalty**: thirty (30) year mandatory minimum sentence of imprisonment to maximum life term of imprisonment, consecutive to any penalty imposed upon Count 1; maximum fine of $250,000 fine; 0-5 years' supervised release: and, a $100 special assessment.

## Count # 3

Possession and Transfer of an Unregistered Silencer
Title 26, United States Code, Sections 5861(d) and (e), and 5871

**Max. Penalty**: 0-10 years' imprisonment; $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-8210-WM

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

RAMON V. WHITE,

          Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Northern Region prior to October 14, 2003?    _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes   __X__ No

          Respectfully submitted,

          BENJAMIN G. GREENBERG
          ACTING UNITED STATES ATTORNEY

BY: _____
          JOHN C. McMILLAN
          ASSISTANT UNITED STATES ATTORNEY
          Admin. No. A5500228
          500 S. Australian Ave., Suite 400
          West Palm Beach, FL 33401
          Office:   (561) 820-8711
          FAX:      (561) 820-8777
          John.mcmillan@usdoj.gov